# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:23-cr-00662-24 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Reuben J. Sheperd |
| ) | |
| DAVID PRICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On October 29, 2025, a grand jury returned a third superseding indictment charging Defendant David Price and others with several criminal charges. (ECF No. 335.) Mr. Price seeks a bill of particulars (ECF No. 356), which the United States opposes (ECF No. 362). The Magistrate Judge issued a report and recommendation that the Court deny Mr. Price's motion. (ECF No. 367.) In the report and recommendation, the Magistrate Judge summarized the parties' positions and the relevant contents of the third superseding indictment. (*Id.*, PageID #2333–35.) In short, the third superseding indictment charges Mr. Price with RICO conspiracy, conspiracy to distribute and possess with intent to distribute controlled substances, two counts of kidnapping in aid of racketeering, and kidnapping. (ECF No. 335, ¶¶ 1–245, 249–53, PageID #2087–2142 & #2144–45.)

In his motion for a bill of particulars, Mr. Price seeks: (1) "[t]he time the alleged offense(s) was/were committed"; (2) "[t]he place where the alleged offense(s) was/were

committed"; and (3) "[t]he specific conduct alleged which constitutes the offense as charged in the Indictment." (ECF No. 356, PageID #2286.)

I.  **The Report and Recommendation**

The Magistrate Judge determined that the third superseding indictment "sets forth the five charges involving Price (Counts 1, 2, 3, 5, and 6) with particularity." (ECF No. 367, PageID #2334.) The Magistrate Judge observed that the charges provided specific dates or ranges, as well as locations, for the alleged offenses to allow Mr. Price to discern when and where the alleged conduct occurred. (*Id.*) Further, the Magistrate Judge determined that, because "much of the alleged conduct involves the exchange of information via text messages," the need for knowing when and where the offenses occurred was negated. (*Id.*) Finally, the Magistrate Judge concluded that the third superseding indictment provided "ample description" with "sufficient particularity" regarding the alleged conduct in a "plain, concise, and definite manner." (*Id.*) Therefore, the Magistrate Judge determined that the third superseding indictment contained enough particularity and detail for Mr. Price to "prepare his defense and to obviate the risk of unfair surprise at trial." (*Id.*)

II. **Objections**

The report and recommendation advised that any objections were due fourteen days after service and notified Mr. Price that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #2335.) The report and recommendation was docketed on November 14, 2025. (*Id.*) Nonetheless, Mr. Price failed to object to the Magistrate Judge's report and recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation

results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different from forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the report and recommendation has passed. Mr. Price neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's report and recommendation.

3

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 367) and **DENIES** Mr. Price's motion for a bill of particulars.  (ECF No. 356.)

**SO ORDERED.**

Dated:  December 1, 2025

 

J. Philip Calabrese
United States District Judge
Northern District of Ohio